**In re S\_\_\_\_ R\_\_\_\_ L\_\_\_\_,**
**Appellant.**

**No. 5643.**

Court of Civil Appeals of Texas, Waco.

Dec. 30, 1976.

Frank Steelman, Bryan, for appellant.

W. T. McDonald, Jr., and J. Bradley Smith, Bryan, for appellee.

HALL, Justice.

The appellant is now sixteen years of age. On August 15, 1975, he was placed on juvenile probation for the commission of the offense of burglary. One of the conditions of probation was that he "commit no offense against the laws of Texas." In April, 1976, the State filed a petition to revoke the

probation on the ground that appellant had committed the offense of theft from a coin-operated machine on February 25, 1976. After a hearing, the court revoked the probation and committed appellant to the custody of the Texas Youth Council. He appeals. We affirm.

 After the coin-operated machine was entered, appellant was taken into custody by a detective and carried to the police station. Appellant's father met the detective and appellant at the station when they arrived there. The detective told the father of the charge against appellant. He also told the father that he would take appellant home when he was "through with him." Thereafter, after being duly warned, appellant signed a statement confessing the commission of the offense. The confession was admitted into evidence on the revocation hearing over appellant's objection.

V.T.C.A., Family Code, § 52.02, provides in part as follows: "(b) A person taking a child into custody shall promptly give notice of his action and a statement of the reason for taking the child into custody, to: (1) the child's parent". Appellant contends this statute was violated because the detective failed to tell the father that his reason for taking appellant into custody was to take a confession, and that the confession was therefore inadmissible. We disagree. The evidence shows that the reason appellant was taken into custody was the criminal offense involving the coin-operated machine. The statute was satisfied when the detective told the father about this charge against appellant.

Appellant asserts there is no evidence the probation order was ever exhibited to him or explained to him, and that for these reasons his objection to the State's tender of the order into evidence at the revocation proceeding should have been sustained, and his subsequent motion to dismiss the proceeding should have been granted. We overrule these contentions. The evidence shows that appellant was placed on juvenile probation on August 15, 1975; that he and his father signed the order of probation; that his probation officer read the order to him and discussed the conditions of probation with him "again" in October, 1975.

The judgment is affirmed.